# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JONATHAN BROOKS**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**DAIMLER TRUCK NORTH AMERICA LLC**,<br><br>Defendant. | Case No. _____<br><br>**DEMAND FOR JURY TRIAL**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Jonathan Brooks ("Plaintiff"), on behalf of himself and all others similarly situated, for his collective and class action Complaint against Defendant Daimler Truck North America LLC ("Defendant"), states and allege as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 and R.C. 4113.15.

2. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Civ. R. 23 to remedy violations of the OMFWSA and R.C. 4113.15 on behalf of other similarly situated employees employed by Defendant in Ohio (the "Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Canton, Ohio, in Stark County.

8. Within the last three years, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

9. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3) and 4113.15.

10. Defendant Daimler Truck North America LLC is a Delaware limited liability company that is registered to do business in Ohio and operates a production facility in Canton, Ohio (Stark County). Defendant can be served via its statutory agent: The Corporation Trust Company, at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

11. At all relevant times, Defendant was an employer within the meaning of R.C. 4111.03(D)(2) and 4113.15.

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

15. Plaintiff and others similarly situated are or were employed at Defendant's Canton, Ohio warehouse.

16. Plaintiff and others similarly situated were required to arrive to work early to obtain tools, don gear, and receive work assignments.

17. Tools included, but were not necessarily limited to, cutting knives, pens, markers, highlighters, staplers, and voice-scanning headsets, as applicable. The headsets including additional steps to log into the system.

18. Gear included, but was not necessarily limited to, steel toed shoes, and harness.

19. Defendant had a company-wide policy that much of these items were to be kept at Defendant's location.

20. Also, Plaintiff and others similarly situated were required to check the job assignment board before their shift start time.

21. However, Defendant did not pay Plaintiff and others similarly situated for all of this work time. For example, Defendant had a company-wide rounding policy in which Plaintiff and others similarly situated could not clock in earlier than 7-minutes before their shifts, but this was not

long enough to complete all work performed before the shift. Further, Defendant rounded the 7-minutes away, and in Defendant's favor, thereby failing to pay Plaintiff and others similarly situated for at least 7-minutes or more of work time before their shifts.

22. Also, Defendant had a company-wide policy that being late even one minute could lead to disciplinary action.

23. It would be impossible for Plaintiff and those similarly situated to perform their work duties unless they first obtained their tools, donned their gear, and received their work assignments. Therefore, these tasks were integral and indispensable to the work they are hired to do.

24. Obtaining tools, donning gear, and receiving assignments were intrinsic elements of their activities and one in which they cannot dispense if they are to perform their principal activities.

25. Obtaining tools, donning gear, and receiving assignments constituted their first principal activities of the day and were components of the work they are hired to do.

26. Unless Plaintiff and others similarly situated did not first obtain their tools, don their gear, and receive their assignments, they cannot complete their work

27. Obtaining tools, donning gear, and receiving assignments, as well as the related walking and waiting time, are integral and indispensable to the work performed by Plaintiff and those similarly situated. Therefore, this was compensable work time within the meaning of the FLSA and OMFWSA.

28. Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and Ohio law and were paid an hourly wage.

29. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the last three years, including obtaining tools, donning gear, receiving assignments, and associated travel.

30. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

31. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

33. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All current and former hourly warehouse employees who worked for Daimler Truck North America LLC at its Canton, Ohio facility and who worked 40 or more hours during a workweek at any time during from three (3) years preceding this Complaint through final disposition of this matter**.

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

35. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action pursuant to Civ. R. 23(a) and (b)(3) on behalf of himself and a class of persons employed by Defendant in Ohio defined as:

> **All current and former hourly warehouse employees who worked for Daimler Truck North America LLC at its Canton, Ohio facility and who worked 40 or more hours during a workweek at any time during from two (2) years preceding this Complaint through final disposition of this matter.**

37. The Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of at least 100-200 people.

38. There are questions of law or fact common to the Class including: whether Defendant failed to pay its employees for obtaining tools, donning gear, receiving assignments, and associated travel, whether that resulted in the underpayment of overtime, and whether Defendant failed to pay the Class wages on a semi-monthly basis as required by R.C. 4113.15.

39. Plaintiff will adequately protect the interests of the Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Class in this case.

40. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Civ. R. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff and other similarly situated employees were not paid for time spent obtaining tools, donning gear, receiving assignments, or associated travel.

44. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent obtaining tools, donning gear, receiving assignments, or associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. §785.24.

46. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

47. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff and other similarly situated employees were not paid for time spent obtaining tools, donning gear, receiving assignments, or associated travel.

50. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

51. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent obtaining tools, donning gear, receiving assignments, or associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

52. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT THREE
### Failure to Pay Wages on a Semimonthly Basis

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. R.C. 4113.15(A) requires that Defendant pay Plaintiff and the Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

55. There is no dispute that Defendant has an obligation to pay employees for all hours worked. However, Defendant did not pay Plaintiff and the Class for time spent obtaining tools, donning gear, receiving assignments, or associated travel.

56. Plaintiff and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. 4113.15(A)

57. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

58. As a result of Defendant's willful violation, Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to R.C. 4113.15(A).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a Rule 23 class action;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award Plaintiff and the putative class actual damages for unpaid wages;

E. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

F.   Award Plaintiff and the Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

G.   Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

H.   Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

I.   Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: December 9, 2022

Of Counsel:

Robi J. Baishnab (0086195)
NILGES DRAHER LLC
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone:   (216) 230-2944
Facsimile:   (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*